# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN CARNAHAN, | ) | Case No.: 1:11-cv-01902-JLT HC |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS CONTAINING UNEXHAUSTED CLAIMS |
| v. | ) ) | |
| M. D. BITER, Warden, | ) ) | ORDER DIRECTING PETITIONER TO FILE A RESPONSE WITHIN THIRTY DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on November 16, 2011. (Doc. 1). In the petition, Petitioner alleges that a prison disciplinary hearing conducted on April 13, 2010, after which Petitioner was found guilty and, inter alia, placed in administrative segregation and sanctioned with the loss of 360 days' credits, violated Petitioner's federal constitutional rights. (Doc. 1, pp. 10-15).

A preliminary review of the Petition, however, suggests that all of Petitioner's claims are unexhausted. If this is so, the petition must be dismissed.

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

B.  <u>Exhaustion</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

1  <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, although Petitioner has checked the box on the form petition indicating that he has presented his claims to the highest state court (Doc. 1, p. 3), he has also indicated on the form petition that the only appellate court in which he has filed for collateral relief is the California Court of Appeal, Fifth Appellate District ("5th DCA"), which denied his petition on October 6, 2011, apparently without considering the merits.  (Doc. 1, p. 2).  In the documents attached to the petition, Petitioner includes a copy of the 5th DCA's order denying his habeas petition; however, Petitioner does not include any document indicating that he has presented his claims to the California Supreme Court.

Moreover, this Court, by accessing the California courts' electronic database has verified that Petitioner filed his habeas petition in the 5th DCA on August 4, 2011, and that the petition was denied on October 6, 2011.  However, the Court was unable to find any evidence that Petitioner had ever filed a habeas petition in the California Supreme Court.

Finally, understanding that the California Supreme Court routinely takes several months, at a minimum, to consider and rule on a state inmate's habeas petition, the fact that Petitioner's Court of Appeal petition was denied on October 6, 2011, and the instant petition was filed on November 16, 2011, a period of only forty days, it seems highly unlikely that Petitioner would have had adequate time to prepare, file and obtain a ruling from the California Supreme Court on any habeas petition he might have filed in that court.  Accordingly, upon preliminary review, it

1  appears that the instant petition contains only unexhausted claims.

2  The Court must dismiss a petition that contains unexhausted claims, even if it also
3  contains exhausted claims.  Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United
4  States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct.
5  265 (1997).  More importantly, the Court cannot consider a petition, such as the instant petition
6  appears to be, that is entirely unexhausted.  Rose, 455 U.S. at 521-22; Calderon, 107 F.3d at 760.

7  Petitioner will be ordered to show cause why the Petition should not be dismissed for
8  failing to exhaust state court remedies.  Should it be the case that the claims were in fact
9  exhausted, Petitioner should make clear when and in what court the claims were raised.  If
10 possible, Petitioner should present to the Court documentary evidence that the claims were
11 indeed presented to the California Supreme Court.[1]

12 If the Petition contains unexhausted claims, Petitioner may, at his option, withdraw the
13 unexhausted claims and go forward with the exhausted claims, if any exhausted claims are
14 contained in the instant petition.  Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas
15 litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as
16 an alternative to suffering dismissal").  As mentioned, if none of the claims in the instant petition
17 are exhausted, the Court will have no alternative but to dismiss the petition in its entirety.

18 Petitioner may also move to withdraw the entire Petition and return to federal court only
19 when he has finally exhausted his state court remedies.  Petitioner should bear in mind, however,
20 that there exists a one year statute of limitations applicable to federal habeas corpus petitions.  28
21 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885.  In most cases, the one year period starts to run
22 on the date the California Supreme Court denied Petitioner's direct review.  See id.  Although the
23 limitations period tolls while a properly filed request for collateral review is pending in state
24 court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal
25 court. Duncan v. Walker, 531 U.S. 991 (2001).

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

1 | Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court make a final determination that the Petition contained unexhausted claims.

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failing to exhaust state court remedies.

**Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated:   **December 8, 2011**                              /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE

5