UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CARNAHAN, ) | 1:11-cv-01902-JLT HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS TO |
| ) | DISMISS PETITION AS UNEXHAUSTED |
| v. ) | |
| ) | ORDER DIRECTING PETITIONER TO FILE A |
| ) | OBJECTIONS WITHIN TWENTY DAYS |
| M. D. BITER, Warden, ) | |
| ) | ORDER DIRECTING CLERK OF COURT TO |
| Respondent. ) | ASSIGN DISTRICT JUDGE TO CASE |
| ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on November 16, 2011. (Doc. 1). In the petition, Petitioner alleges that a prison disciplinary hearing conducted on April 13, 2010, after which Petitioner was found guilty and, inter alia, placed in administrative segregation and sanctioned with the loss of 360 days' credits, violated Petitioner's federal constitutional rights. (Doc. 1, pp. 10-15).

After a preliminary review of the Petition indicated that all of Petitioner's claims may be unexhausted, the Court, on December 8, 2011, issued an Order to Show Cause why the petition should not be dismissed as containing unexhausted claims. (Doc. 5). That Order to Show Cause gave Petitioner thirty days within which to file his response. To date, Petitioner has not responded to the Court's order.

A.  <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

B.  <u>Exhaustion</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of

state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, although Petitioner has checked the box on the form petition indicating that he has presented his claims to the highest state court (Doc. 1, p. 3), he has also indicated on the form petition that the only appellate court in which he has filed for collateral relief is the California Court of Appeal, Fifth Appellate District ("5th DCA"), which denied his petition on October 6, 2011, apparently without considering the merits.  (Doc. 1, p. 2).  In the documents attached to the petition, Petitioner includes a copy of the 5th DCA's order denying his habeas petition; however, Petitioner does not include any document indicating that he has presented his claims to the California Supreme Court.

Moreover, this Court, by accessing the California courts' electronic database, has verified that Petitioner filed his habeas petition in the 5th DCA on August 4, 2011, and that the petition was denied on October 6, 2011.  However, the Court was unable to find any evidence that Petitioner had ever filed a habeas petition in the California Supreme Court.

Additionally, understanding that the California Supreme Court routinely takes several

3

months, at a minimum, to consider and rule on a state inmate's habeas petition, the fact that Petitioner's Court of Appeal petition was denied on October 6, 2011, and the instant petition was filed on November 16, 2011, a period of only forty days, it seems highly improbable that Petitioner would have had adequate time to prepare, file, and obtain a ruling from the California Supreme Court in so short a period of time.

Finally, the Court notes that Petitioner has not responded to the Court's December 8, 2011 Order to Show Cause.  A petitioner bears the burden of proving that he has either exhausted his state remedies prior to filing his federal petition or that he satisfies an exception to the exhaustion requirement.  Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587 (1950)(overruled in part on other grounds by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 (1963)); accord Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005); Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). Because he has not provided any evidence to establish that he has presented these claims to the California Supreme Court, Petitioner has failed to meet his burden.  Accordingly, the Court finds that the instant petition contains only unexhausted claims.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).  More importantly, the Court cannot consider a petition, such as the instant petition appears to be, that is entirely unexhausted.  Rose, 455 U.S. at 521-22;  Calderon, 107 F.3d at 760. Because the instant petition contains only unexhausted claims, it should be dismissed without prejudice.

**ORDER**

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the Petition for Writ of Habeas

Corpus be DISMISSED without prejudice as containing only unexhausted claims.[1] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 24, 2012**            **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.